## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**QUADE L. WORKMAN**,

                Plaintiff,

    v.                                   **Case No. 14-cv-1506-pp**

**MILWAUKEE COUNTY,**
**MIWLAUKEE COUNTY SHERIFF DEPARTMENT,**
**DAVID A. CLARKE, and**
**CO WILBORN,**

                Defendants.

---

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION
## FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DKT. NO. 2) AND
## SCREENING PLAINTIFF'S COMPLAINT

---

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was incarcerated at the Milwaukee County Jail. The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and for screening of the plaintiff's complaint.

## I.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the

1

initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 16, 2014, the court issued an order waiving the payment of the initial partial filing fee. Dkt. No. 6. A prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). The court will grant the plaintiff's motion for leave to proceed *in forma pauperis*, and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual

2

contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "Malicious,"
although sometimes treated as a synonym for "frivolous," "is more usefully
construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-
10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, the plaintiff
must provide a "short and plain statement of the claim showing that [he] is
entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead
specific facts, and his statement need only "give the defendant fair notice of
what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47
(1957)). However, a complaint that offers "labels and conclusions" or "formulaic
recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim,
a complaint must contain sufficient factual matter, accepted as true, "that is
plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has
facial plausibility when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must
be enough to raise a right to relief above the speculative level." *Twombly*, 550
U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the
principles set forth in *Twombly*. First, they must "identify[] pleadings that,
because they are no more than conclusions, are not entitled to the assumption

3

of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B.    <u>Facts Alleged in the Complaint</u>

In his sworn complaint, the plaintiff alleges that the defendants failed to protect him from another inmate while he was a pretrial detainee at the Milwaukee County Jail. The complaint states that on August 30, 2014, at 1:00 p.m., an inmate from cell 17 in housing pod 4B approached the plaintiff in the dayroom "without words" and "began physically assaulting [the plaintiff] in the dayroom. Dkt. 1 at 3. The plaintiff asserts that "[t]he guy was obviously mentally unstable" and had a history of fights at the Milwaukee County Jail. *Id.* The plaintiff asserts that defendant CO Wilborn was working in housing pod 4B, and failed to protect the plaintiff from the assault.

4

The plaintiff also argues that it "was a clear classification error" to place the inmate who assaulted the plaintiff in general population instead of special needs. *Id.* at 3-4. The inmate who assaulted the plaintiff wore a pink jumpsuit, which at the Milwaukee County Jail means that an inmate is aggressive or a fighter. *Id.* at 4. The plaintiff further asserts that overcrowding at the Milwaukee County Jail led to special placement inmates being housed in general population. *Id.* The plaintiff asserts that CO Wilborn was "classification staff." *Id.* at 3.

        C.    <u>Legal Analysis of Alleged Facts</u>

The plaintiff was a pretrial detainee at the time of this incident. "Therefore, his § 1983 claims are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's Cruel and Unusual Punishment Clause." *Guzman v. Sheahan*, 495 F.3d 852, 856 (7th Cir. 2007) (citations omitted). "Prison officials owe inmates, both those who have been convicted and those being detained while awaiting trial, a duty to protect them from violence inflicted by other inmates." *Id.* at 856-57 (citing *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).

"To state a failure to protect claim, a plaintiff-inmate must allege that (1) 'he is incarcerated under conditions posing a substantial risk of serious harm,' and (2) defendant officials acted with 'deliberate indifference' to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834. "A finding of deliberate indifference requires a showing that the [defendant] was aware of a substantial risk of serious injury to [the plaintiff]

but nevertheless failed to take appropriate steps to protect him from a known danger." *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)).

The court finds that the plaintiff's complaint alleges sufficient facts to allow him to proceed on a Fourteenth Amendment claim against defendant CO Wilborn. Although the plaintiff did not suggest in his complaint that CO Wilborn had specific knowledge that the inmate in the pink jumpsuit planned to assault the plaintiff, it is possible that the plaintiff may be able to show that this particular inmate was such a risk to other inmates that it was deliberate indifference to allow him to be in the general population at all.

A plaintiff may sue a government entity under §1983 ". . . when the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. City of New York Dep't of Social Serv's.*, 436 U.S. 658, 694 (1978). There must be a "direct causal link" between the alleged unconstitutional deprivation and the municipal policy or custom at issue. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The court finds that the plaintiff has alleged sufficient facts to allow him to proceed on a Fourteenth Amendment claim against Milwaukee County, on the basis of his implication that the county's custom, policies, or practices regarding inmate classification and overcrowding were deliberately indifferent to the plaintiff's safety in general population.

6

The court will not allow the plaintiff to proceed against the Milwaukee County Sheriff's Department, because it is not a governmental entity that can be sued under 42 U.S.C. §1983. "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'" *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations omitted). *See also* Fed. R. Civ. P. 17(b)(3). The Seventh Circuit Court of Appeals has held that a Wisconsin sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cnty. Sheriff's Dep't.,* 382 F.3d 700, 704 (7th Cir. 2004), citing *Buchanan v. Kenosha*, 57 F.Supp.2d 675, 678 (E.D. Wis. 1999).

Nor will the court allow the plaintiff to proceed on claims against defendant David Clarke. The plaintiff's only references to David Clarke in his complaint say (1) that CO Wilborn was working under the authority of Sheriff David Clarke; and (2) that the plaintiff is entitled to "a safe and secure environment while in the custody of David Clarke." Dkt. No. 1, p. 4. These allegations do not demonstrate any personal involvement on behalf of David Clarke in the events of August 30, 2014. Rather, they allege that David Clarke is liable because he was CO Wilborn's supervisor.

42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*,

7

97 F.3d 987, 991 (7th Cir. 1996), quoting the "long-settled" rule stated in *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). Section 1983 makes public employees responsible "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009).

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen.

*Id.* at 595.

A government entity is liable under §1983 "only where the [government entity] *itself* causes the constitutional violation at issue." *Id.* at 386, citing *Monell*, 436 U.S. 658 at 695-95. The doctrine of "respondeat superior"—holding an employer liable for the actions of the employees—"will not attach under § 1983." *Id. See also, Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992) ("Section 1983 does not create collective or vicarious responsibility. Supervisors are not liable for the errors of their subordinates.") "The 'should have known' theory . . . is both legally deficient and inconsistent with the demands of effective administration." *Id.*

To the extent the plaintiff meant to proceed against David Clarke in his official capacity as Sheriff of Milwaukee County, this would unnecessarily duplicate the plaintiff's claims against Milwaukee County. Claims against a

8

sheriff in his official capacity are treated as claims against the County itself. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citing *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006)). There is no need to proceed against both.

### III.  <u>CONCLUSION</u>

The court hereby **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2). The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary of the Wisconsin Department of Corrections or his designee shall clearly identify the payments by the case name and number assigned to this action.

The court **DISMISSES** the Milwaukee County Sheriff's Department and David Clarke as defendants to this action.

The court **ORDERS** that the plaintiff may proceed on his Fourteenth Amendment claims against CO Wilborn and Milwaukee County.

The court **ORDERS** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and

this order are being electronically sent today to Milwaukee County for service on the following defendants: C.O. Wilborn and Milwaukee County.

The court **ORDERS** that, pursuant to the informal service agreement between Milwaukee County and this court, defendants C.O. Wilborn and Milwaukee County shall file a responsive pleading to the complaint within **sixty (60) days** of receiving electronic notice of this order.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The court further advises plaintiff that if he does not timely file documents, the court may dismiss his case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send copies of this order to the warden of the institution where the inmate is confined.

Dated at Milwaukee this 10th day of July, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge